# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50315
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ABEL GERARDO HUERTA-VELASQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-2076-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Abel Gerardo Huerta-Velasquez appeals the 24-month sentence imposed following his guilty plea conviction for illegal reentry following removal in violation of 8 U.S.C. § 1326(a). He argues that his within-guidelines sentence is substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Because the district court imposed a within-guidelines sentence, it is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presumptively reasonable.  *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).  The presumption may be rebutted "only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Huerta-Velasquez argues that the guideline for illegal reentry (1) is not based on empirical data; (2) effectively double counts a defendant's criminal record; and (3) overstates the seriousness of his non-violent reentry offense.  This court has upheld the appellate presumption "[e]ven if the Guidelines are not empirically-grounded."  *United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir. 2009).  Moreover, we have previously rejected these arguments.  *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009); *United States v. Aguirre-Villa*, 460 F.3d 681, 682–83 (5th Cir. 2006).

He also argues that his sentence is greater than necessary to reflect his personal history and characteristics.  This argument fails to rebut the reasonableness presumption.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008) (upholding presumption despite argument that the relevant Guideline overstated the seriousness of the offense and that the motive for returning justified a below-guideline sentence).

The record shows that the district court considered the evidence and the Section 3553(a) factors, concluded that the applicable guidelines range was reasonable, and imposed a sentence in the middle of the range.  Huerta-Velasquez's assertions fail to show that his 24-month within-guidelines sentence is substantively unreasonable.  *See Campos-Maldonado*, 531 F.3d at 339.

AFFIRMED.